Good afternoon, Your Honors. May it please the Court, I'm representing the appellant John Herklotz. I did get your order, where you requested... I'm having a little trouble hearing you. Could you speak more directly into the microphone? Thank you. Is that better? Does it make any difference? Not a lot, but keep trying. Go ahead. I'll keep trying. That is better. I did get your court order. I hear it now. I got your court order, and the question was, was there jurisdiction at the time of the severance? So that the transfer of the... No, not at the time of the severance, as I understand it, on the cross-claim once it came back here. I think you're both saying the same thing. It's the severance, when the case came from Pennsylvania to California. Right. Yes. That's how I understood it.  Not whether there was jurisdiction over the case as it was in Pennsylvania. Right. When it was first filed, the Court found that there was jurisdiction under 1332A, and then there was... and that was in 2000. The severance motion was in February of 2007. So at the time of severance, was it only California parties at that point? Yes. The only... the case had gotten resolved, but not finished, because it still went on to 2010. But at that point, there was three cross-claims, but they all were from California. So a motion was made for severance, but no parties had changed from the time it was originally filed in 2000. But that is correct, and nobody has a problem with that. But they teach us at baby judge school that whenever a district court gets a case, the first thing you should do is look at jurisdiction, because we are courts of limited jurisdiction. What is the basis for California accepting the transferred case? The basis of it was that all parties... Diversity? Yes. It was diversity. No. It was ancillary jurisdiction under diversity. In Pennsylvania, but now we're severing the case. We have what's essentially a freestanding case. And I take it nobody argued in the court in California when it took the case, didn't discuss this with counsel, and maybe nobody in Pennsylvania thought of it, but we've provided you a case that says... Right. And it says, and we're trying to figure out whether we can even hear the merits of this case. Well, I believe you can hear the merits of this case. Well, explain how. At the time of the severance in 2007, there still was diversity jurisdiction in the same case in Pennsylvania. Fine. Okay. Good. Your argument is that you don't need complete diversity with regard to the cross-claim that's been separated as a separate case and transferred to California. Is that your argument? Well, not exactly. My argument is that at the time of the severance, the court allowed it to be severed because the three parties involved were all from California, so it made sense to the court to allow the severance. That's why you can't do it in California. Pardon me? That's exactly why you can't do it in California. I understand that. I understand why you think it makes sense. What's left in the case is matters that involve the cross-claimant and the defendants to the cross-claims, and they're in California. Shoot, let's go to California and handle the rest of the case. But the problem is when that case comes to California, the court has to look at what's left in the case. And what's left in the case is not diversity of citizenship between the opposing parties or any other basis for Federal jurisdiction. The ancillary jurisdiction didn't go away from the case. You're saying it carries over to California? Yes. On a magical ride or something? No. I don't know how it gets there. Do you have a case that supports that, that you can carry over that sort of diversity of jurisdiction? I did a mini-brief this morning, which I'm more than happy to submit to the court where I cite cases. I didn't approach it exactly the way you're asking me the question, but I'm pretty sure the cases I cited deal with this exact issue. Wait, you submitted a case? You submitted a brief this morning? No. I prepared one this morning before I came here. And I brought it here. But in any event, maybe we should have supplemental briefing after this. That's fine. What do those cases say? It says that the court has authority to, well, you pinned it down to a very finite point. When I researched it, I was looking for cases that said that you can transfer cases out of a main case under, when you have a diversity case, and the court can take it under ancillary jurisdiction, and even if there's not complete diversity between the cross-claims, the court has jurisdiction to hear it. In the original case, yes. But once it's separate is the question. You're saying that in case the cases you have will say that it carries over. You're saying that the ---- I'm not going to say it the way you just said it, because then you might think I'm not telling you the truth. I'm just saying that when I did the research on the issue, What issue did you do the research on? I used the issue of at the time, when I first looked at the issue, I figured that it was a slam dunk because you're asking if there was jurisdiction in the beginning, then it doesn't lose its jurisdiction. But then I was looking at the jurisdiction at the time of the severance because I think that was what the issue was raised by the court. And at the time of the severance, they still had, all the parties were still in the case. The case wasn't over. The case went on for another couple of years. Okay. But it was severed. Pardon? Severed means it's now two cases instead of one. Right. Well, severance is some parties ---- It's just like when you make a motion for change of venue for convenience of witnesses. The main case stays wherever it was, and then they will transfer part of the case. No. I mean, I have some feeling that there might have been some consciousness of this problem because in the Pennsylvania case, one party is alleged to have resided in California. But when the California complaint was filed, that person is then alleged to be living at a P.L. box in Arkansas. Well, I will tell you that all the defendants in the case were all from California, both Plaza, Goering, Von Bernuth. I have attached, by the way, for the Court's information, a copy of the original complaint filed in 2000, where it lists the addresses of the four individuals in California, and Plaza was a California corporation. You're aware that cross-defendant Eric Parkinson is alleged to reside at 1722 North California, College Avenue, Fayetteville, Arkansas.  What do you mean much later? Much later. It was the First Amendment complaint as filed in California. It's the First Amendment cross-claim. Right. It's document 558 of 716, and it shows Parkinson in Arkansas and the others in California. But he's in Arkansas, apparently. At a post office box. Yes. And originally he was alleged to be in California. Now, I don't know what that was about. It doesn't help anything, but it suggests somebody was trying to deal with a diversity problem. Well, I only went by where everybody was residing at the time the case was filed when they determined there was diversity jurisdiction, and then at the time of the severance, all the parties were still in the case in Pennsylvania. So then they transferred the, they severed the three cross-claims, or the three parties, and the cross-claims that went with it, and under ancillary jurisdiction, they should have been covered under 13G. But it's not ancillary anymore. It's its own case standing on its own in California. The ancillary part is gone. Pennsylvania's out of the mix. The plaintiff's out of the mix. You lose that, don't you? Or you're saying that somehow it carries over? I didn't read it the way Your Honor is, you know, arguing it. Well, I mean, we have something sitting here before us. It's called first amended cross-claim. It's completely freestanding. It doesn't say anything about what the facts were in the Pennsylvania case quite appropriately. So we have one piece of paper now, first amended cross-claim, and it shows nondiverse parties. The allegations in the first amended cross-claim had alleged all the WRS allegations that were in the original complaint. Well, it has an introductory paragraph, and this may be the problem. And it says, Jurisdiction and venue are proper here in California, and I'm paraphrasing, because the case was initially filed in Pennsylvania with against Plaza, et cetera, et cetera. And so I take it that is your position, that because there was appropriate jurisdiction in Pennsylvania, the fact that part of the case was severed and came to California, where it was convenient for the parties, is good enough to establish jurisdiction in California. Is that it? I wouldn't put it in those words, but I would say that I basically agree that there was nothing to show that jurisdiction was lost in the case, and so it never arose. No party ever raised it? The court didn't raise it? Here's the problem. The cross-claims and all that were ancillary to the main action. They were permissive. They weren't mandatory. Correct. And so now we're taking that permissive action, which was proper in Pennsylvania, no question, and we're trying to make it stand on its own in a different court, in a different state. You said you did some research. Yes. Do you have a case citation you can give me, your best shot? Do you have a case that would perhaps best reflect what you're telling us? Would you like me to hand you the brief? I have it here. No, but why don't we just have the briefing afterwards? Is there anything else you want to talk about now? It sounds like we're going to have to have a briefing because you're telling us that something exists that we don't know exists, and there's no point talking about something without us having the information, so let's go on. Okay. Is there anything else you want to argue about? Okay. I had a very long, boring argument prepared. You can make it short and boring. Make it short and not boring. And sitting through some of the things that went on, I tried to just focus in on important issues. Just give us your best argument. I'll give you lots of arguments. They're all good. First of all, in Federal court, on a motion to dismiss, it's extraordinarily rare, and I mean rare, that the court will ever dismiss the case with prejudice. And it wasn't based on what you're trying to argue with me today, that the court didn't have jurisdiction. They were just saying that they dismissed it with prejudice because we had no possibility beyond doubt that we could not claim any supporting facts based on our cross-claims, which was contrary to the law in the Federal court, where the Federal court does everything in its power to try to get cases not to be determined by how well you draft the complaint, but to try to get cases on the merits. No statute of limitations had run. One issue came up where there was an issue of whether it was a combination of substantive issues and jurisdictional issues. In the case of Hitt versus Pasadena, you're supposed to dismiss those on jurisdictional grounds, which would then not prevent or destroy my client's right to go after the other parties in the action for the damages he suffered. This is basically a case where you have guarantors and you have sureties, where they're sureties in a sense under California law, where they signed guarantees, they paid off the debt, now they're trying to recover it. To take away all rights of my client to pursue, because the court could have dismissed it and he could have filed separate actions, but the court did not do it. The court dismissed it with prejudice, which absolutely prevented my client from having a right to go after these individuals. Was there any explanation in the record why the court dismissed with prejudice? No, there wasn't. And I can tell you I'm shocked now because I've had a bunch of other federal court cases and when you get a dismissal, it's like a brief. It's fantastic, I will tell you. It gives you all the information so you can amend and get around any issues. This one was a blank Rosetta Stone. There was nothing. So it was very hard to figure out. And the issue of whether it was jurisdiction or not was never raised until I got the order from the court, I guess it was Tuesday when you raised it. And so, basically, nothing was decided. He had permissive claims, as you said. The statute of limitations hadn't run. They were still ongoing. Under Federal Rules of Procedure 14, you can bring in parties who have not yet been determined or the cause of action hasn't accrued. You can bring it in ahead of time because it's for efficiency. So all these things went on and actually nothing went on in this case because it got knocked out at the very, very early stage. And so without boring you with everything else that's in my briefs, which covers each cause of action, and I will tell you it was boring to write it, this is the guts of what it is. And I'll save my minute and 30 seconds for... Good afternoon, Your Honors. I am David Stowell. I represent Mr. Goering, who was brought into this action in California as a third party, was not a participant in the Pennsylvania action, and is a respondent in this case. I assume that you want me to address the jurisdictional issue to start with. Please. I have four points, really, that I'd like to make on that issue. The first one is that the Honeywell case itself and the order reflects that the issue of whether there was subject matter jurisdiction actually occurs at the moment of severance, not when the case comes out to California. The Honeywell case made it clear that it's at the time of severance, and subsequent cases have said the same thing.  The question is, are you looking at the severed case by itself? I don't believe you do. Because after Honeywell, there was a subsequent Fifth Circuit case that was called Louisiana v. American National Property, and that's at 746 Fed 3rd, 633. That was a 2014 case, and decided about nine years after Honeywell. And that case specifically talked about Honeywell involving a third-party claim, which did not exist at the time this case was severed in Pennsylvania. It was the same parties that the court had original jurisdiction over. And Louisiana specifically says that the Honeywell case should be given great skepticism. And the reason is, it says, the subsequent history of Honeywell also suggests that a broad reading of the case should be avoided. No court of appeals has ever cited Honeywell for the proposition that severed actions require an independent jurisdictional basis. That's at page 638 of the opinion. But that would be very peculiar. I mean, we have a First Amendment complaint. Well, but that's after the fact, though. Excuse me. Would you wait a minute, please? All right. It is a – it sits by itself. It's going on without regard to what's happening in the Pennsylvania case. It asserts that there was jurisdiction in Pennsylvania, but we're not in Pennsylvania. We're in California. So just conceptually, I don't understand how we can have a severed case, a separate, different case, even if it began as one case. It's now two cases. So why don't we look at the second case separately? Because you look at the time of severance. But that's what you're saying, but I'm asking for a conceptual basis for that. That's what the case is saying. I mean, it's your notion that we aren't really – the only way you could get there logically would be to say you're not really severing the cases. You're just sending a part of it out to California to be tried because it's more convenient. Is that what you're saying? I'm saying, yes. I'm saying that you have to look at 1367 and you have to look at 1404A and B. And when you look at 1367A, that says that the court, in the original case, when it exercised supplemental jurisdiction, it basically shall take jurisdiction over that case. It's a mandatory jurisdiction. Now, this was not – and when you get to 1367, it talks about – Are you saying – I'm sorry to interrupt. What you just quoted, are you saying that applies to California or Pennsylvania? I'm saying that it applies to Pennsylvania and it carries over to California. So could Pennsylvania have sent this case to Ohio or any other state? I believe it could have. It could have. Under 1404A, the court – Just for any reason. Well, no. Here, allegedly, it was for the convenience of the parties. Not for any reason. Not for any reason. No. It could have done it under 1404 for specific reasons, those being that it was for the convenience of the parties, there was substantial justice that could be exercised by the court in transferring it to another district court. Otherwise, you render 1404 meaningless, completely meaningless. The difference between transferring it – I mean, it would make sense to me, and it certainly would be a sensible system. I'm just not sure it's one that the rules provide for. That would say if everybody agrees to hear a part of the case somewhere else, you know, be our guest. But it's still the same case. We're not transferring the case. We're simply saying we're assigning Judge so-and-so, Judge Reel in the Central District to hear it, but it's not a different case. But that's not the language that's being used here. We're talking about severing the case and transferring the severed part of the case. Maybe it's a different case. I disagree with you in respect to jurisdiction. I disagree with you that Honeywell says what you're saying it says. I disagree because it is in complete contradiction to 1404. Does severance create a separate independent action? It may create a separate action that's getting transferred. But the question that the courts have said is you look at the time of that severance to see if there's still jurisdiction. In other words, let's assume that the district courts – Still jurisdiction where? The original subject matter jurisdiction. In Pennsylvania. And I think as long as that court had subject matter jurisdiction – In Pennsylvania. And it was still there at the time of transfer, that it still exists at the time and ends up in the Central District of California. Try this. The cross-claims were ancillary. The district court, after it ruled on the main case, could have said, you know what, I'm going to dismiss the rest of this case. Right? Could have? Could have. And if the court had, could the remaining parties and claims then chosen to file that case in California? Could they have filed it in the federal district court in California? Yes. No, because it was – Because there was no jurisdiction. You're saying if there was a brand new case, right, in California, the answer would have been no because there was not diversity at the time they filed the original case. You're saying that scenario is different from and that, in fact, California has jurisdiction because severance in California is determined at – At the time of severance in the Pennsylvania court. Correct. You were talking about 1404A, right? That and 1367. Correct. Okay, 1404A. The district court may transfer any civil action to any other district or division where it might have been brought. That doesn't work here, right? No, it does work. The original case that was filed could have been – Well, I'm going to go on and make another suggestion because the next sentence, or to any district or division to which all parties have consented. Right. Did that happen here? I would argue, yes, that both of those are satisfied. The first one seems difficult. The second one seems like a factual question and maybe all parties consented. Well, I think the first one isn't because the question is, could that case in Pennsylvania that was originally filed, could that have been filed in California? And the answer is yes because there was complete diversity between all the parties. The court could have exercised – But maybe they could have transferred the Pennsylvania case, but they didn't transfer the Pennsylvania case. They severed the cross claims. No, I know, but what I'm saying to you is that the statute on change of venue, changing some of the venue, I think that the case, when you look at it, the statute says, could this case have been filed in California? The answer is yes. It could have. Well, why are we worrying about this? You're arguing that there's jurisdiction. He's arguing there's jurisdiction. Sounds like you've all consented to hear it in California, and why don't we just assume that? Well, I believe that because nobody objected to it at any point along the way, either at the Pennsylvania court, the district court here accepted jurisdiction.  I think that that's good enough to sound as good as it is. I can tell you there are cases where the parties have litigated in district court, gone up in appeal, and the federal court in appeal has said, whoa, we don't need to address the merits because we are courts of limited jurisdiction, goodbye. All for naught. And we obviously don't want that to happen here. As you can tell, we are struggling to find out if, in fact, there was appropriate jurisdiction. Well, I think that that's why I think Honeywell case is in conflict with 1404. So you disagree with Honeywell? I do. I think it's a, quite frankly, stupid decision. I mean, to be honest with you, because what you're saying is that a court that gets a case that has original jurisdiction over the case now is prohibited from transferring that case to another district. But it's not transferring that case. They haven't decided. The place where I keep seeing a difference from what you're saying, but I do think that maybe the parties consented, is that first it was severed and then it was transferred, right? Correct. Okay. So they didn't transfer the Pennsylvania case. They turned it into two cases and then transferred it. Well, they transferred the cross claims that the court had jurisdiction over at the time they were transferred. In any event, are you using up your colleagues' time? I think I want to just make a couple other points, if I could, on this issue. The same thing about Honeywell is that there's a 1367 analysis that I don't think the courts have engaged in, and that is the difference between a 1367A, which I think the court in Pennsylvania had supplemental jurisdiction under 1367A, which means that those cross claims formed a part of the same case or controversy under Article III, versus if you had a 1367B situation where the court may take supplemental jurisdiction under certain circumstances and they can decide not to take it, or the third case under 1367 is the district courts dismissed all the claims over which it had original jurisdiction. Now, so let's assume that in Pennsylvania the court had disposed of all of the claims in the original case except for the cross claims. They had gone to final judgment. There wasn't an appealable order. It was over. Okay. At that point, I believe the Pennsylvania district court under 1367 could have said, yeah, I don't want to hear these cross claims anymore. I'm going to dismiss them. Okay. Now, I don't think you get that choice. And if they had dismissed them, could those remaining parties then have gone to California and filed exactly what was filed in this case? In state court? No, in federal court. Don't take me there. No, no, I don't believe they could have filed those in federal court. Okay. No. So I think this is a 1367A issue, and I think because you have to take supplemental jurisdiction, you don't lose that when you look at the issue at the time of severance. Two other quick points, and then I'll move on. Well, excuse me. Is your colleague is not arguing then? Not on the jurisdiction issue. Well, but he's not going to have any time at all. Well, just. . . If that's okay with him, that's fine. This is why I hate split arguments. All right. Go ahead. I don't think the court has. . . My advice is never split an argument because this is what happens. Anyway, go ahead. I don't think the court even has jurisdiction to look at the transfer order. I don't think that you as an appellate court don't have jurisdiction. Under Ponowski v. Gibney, that's a Ninth Circuit case, it says if you're the transferee court from a case that's got transferred from another circuit, you do not have the authority to review that transfer order and decide whether it was valid or invalid. No, but we do have an obligation, I would say, to determine whether we have jurisdiction of that new matter. You just can't thrust a case on another court. That court's first obligation in federal court, not state court perhaps, is to determine whether you have jurisdiction of what has been handed to you. Don't I, as a transferee court? I don't think under that case you can raise it. You have to assume that the court's determination in Pennsylvania on this issue of jurisdiction was valid unless somebody went back into that court and challenged the jurisdictional issue. I can't tell whether Pennsylvania examined jurisdiction in California. There's nothing in the record that says that. I don't think they had to. Then if they don't have to, California still does, yes? No. No, it just accepts the transfer order. Once it's transferred in the jurisdiction. That's it, end of discussion. If there's supplemental jurisdiction, if they've transferred under 1404A, and then we've got this. Can I ask one question? How exactly did this transfer come about? That is, who asked for it? Did anybody ask for it or the judge just did it? Yes, they did. What's the they? I'm sorry. Cross-claimant. Cross-claimant asked for the transfer. And what did the defendant say? Nothing as far as I know. I said, sure, let's go. Everybody was from California. You said, sure, let's go. I wasn't there and my client wasn't there. What I'm asking is why don't we just solve all this with the consent provision? Well, I think I argue what you were suggesting, which is I think under those provisions there was implicit consent. I'm asking was it implicit or was it explicit? They obviously explicitly consented. You presumably had the opportunity to say we don't want this transfer. Did you do that? I don't think so, but I'm not opposed to having a count as consent because this case has been going on for 16 years. We need finality. Thank you. You have used up most of your colleagues' time. I will give him one minute. But please, the next time you agree to split a case, think about this. Thank you, Your Honors. Thank you, Your Honors. Good afternoon. May it please the Court, David Fischer, FISHER. That was too much time you've already used up. Just cut to the chase. Well, I represent one of the defendants, Kroskin defendants, and police, Charles Bond-Bernouth. I'll be very brief. There were two others who we just never heard from again. Yes, yes. So there's another jurisdiction question. Is there a final judgment? Did the district court dismiss that case? What happened to it, to the case against them? Okay, the district court in Pennsylvania. No, here. Oh, here. No, I think it actually dismissed it. I think it actually dismissed it against. I'm sorry? I can answer it for you. After the court granted the most of the prejudice, two months later, it went back and said, oh, the other two parties didn't appear, which we wanted to take the fall. It just dismissed it. I see. Okay, go ahead. We did not move on their behalf, so. All right, what is it you want to argue in your almost God minute? I have only one point in addition. We decided to divide up time. We thought it was most important, the jurisdiction. I appreciate the opportunity to brief it after hearing, because I think we really have found some really good authority. But what's your issue? What do you want to add? I wanted to answer your question, Your Honor's question, and then I'll get to my one issue, if I could. The question about how did it arise, and did the parties consent? Actually, there was only two parties in Pennsylvania at the time of the order of severance. It arose in a hearing, an oral argument hearing, at a motion to transfer venue for the convenience of the parties. At that hearing was only two parties. The original plaintiff, W.R.S., and the cross-complainant. Those were the only two parties. I see. So the defendants weren't there, so they couldn't have consented at that point. So that's why I wanted to answer that question. Go ahead. The only thing that I wanted to bring up that hasn't been raised in any way, shape, or form, is the issue of 28 U.S.C. section 1738, full faith and fair credit. What's not before the court, or what was not brought before the court in the original file, in the original excerpt of the transcript, was that there was a state court appeal. There was a state court action. So this is not the first time. What happened is, and I want the court to be aware, that while right after the federal district court dismissed under 12b-6, rather than continue to pursue the appeal before this court, the plaintiff, the cross-plaintiff, took the position that he would hedge his bets and filed the exact. And that was dismissed in ratio to counter grounds. Yes. So why don't we offer that jurisdiction? Why isn't this court taking full force and effect, the full credit, for that judgment? There's been now a judgment on the exact condition. I'm sorry. That makes no sense at all. They were deferring to us, so here we are. Well, but they were. I mean, it results from the fact that California and the federal courts have different ratio to counter types. And ours is final as of the district, the trial court decision. So the California court was correct that it was ratio to counter, but there's still an appeal. And if we should agree, and we're fine, that there was no jurisdiction, I understand where you're going. It's not a finding on the merits, at least on appeal, although there was at the district court level. So it creates an interesting question of what is the effect of race judicata. I knew you were going to ask that. I didn't frame it in a question, but you can take it as one, I guess. Yeah, I know. I mean, a lot of times things occur after a judgment happens. But we always have this weird problem because our final judgment is the trigger for race judicata in the district court. So then the question is what happens to the appeal? There is actually a fair amount of case law about this, which nobody briefed here. But my understanding is it doesn't do anything to our case, its continuity, that in California they couldn't go forward. Anyway, thank you for bringing it up. Thank you very much. Yes. Yes, you'll have a minute. You better go to the microphone, please. Thank you. I'll just respond in one second. There is no race judicata because under California law there has to be same case, same parties, and a final judgment. But they said it was race judicata. So it doesn't matter whether you think it's right or wrong. Okay. But they said it was. Well, the case, the court said it did not rule on the merits of the case in State  Why didn't they say it was race judicata? It was just said because the Federal court is going on. They can't allow us to continue because of the Federal court case. All right. It doesn't matter. Do you have anything more to say on this consent issue? I think the court should consent that it was properly transferred. I'm sorry. What? I think the court should agree that it was properly transferred. We're all going to kumbaya. We're going to hold hands and we're all going to consent. I thought the gentleman did an excellent job saying that. Thank you very much. And that's what I was arguing with the other judge in the beginning. The case of Fine, Burneth and Gehring v. Herklotz is? We will let you know. And there will be an order if you do. Thank you. Submit it.
judges: Berzon, Nguyen, Zouhary